UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHOICE ENGE, <br><br> Plaintiff, <br><br> v. <br><br> SALEH OBAISI and <br> LA TANYA WILLIAMS, <br><br> Defendants. | Case No. 13 C 5154 <br><br> Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

This action arises from the medical care of Plaintiff Choice Enge's skin conditions, namely, acne vulgaris and keloids, while he was incarcerated at Stateville Correctional Center. Plaintiff, through 42 U.S.C. § 1983, brings deliberate indifference claims under the Eighth Amendment against Defendants Dr. Saleh Obaisi and La Tanya Williams, two of his treating medical professionals at Stateville Correctional Center. Defendants now move [78] for summary judgment, and, for the following reasons, that motion is granted.

**I.  Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party, here, Plaintiff. *CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

## II. Facts[1]

Plaintiff is an inmate who has been housed at Stateville Correctional Center since February 11, 2009. DSOF ¶¶ 1, 16-17. Plaintiff has been diagnosed with two skin conditions: acne vulgaris and keloids. DSOF ¶ 8. Dr. Obaisi has been the Medical Director at Stateville Correctional Center since August 2, 2012. DSOF ¶ 2. Williams has been a Physician's Assistant at Stateville Correctional Center since December 17, 2005. DSOF ¶ 3.

In this lawsuit, Plaintiff does not dispute, and with good reason, that medical professionals regularly treated his skin conditions while housed at Stateville Correctional Center. DSOF ¶ 74 (citing Plaintiff's deposition testimony). Indeed, from March 12, 2009 to May 20, 2015, Plaintiff received medical treatment at least 44 times, that is, every other month for six years on average. DSOF ¶¶ 18-29, 31-33, 35-57, 59-63. Often, the medical professionals, including Defendants, prescribed

---

[1] The facts are taken from the parties' Local Rule 56.1 statements and the exhibits thereto. "DSOF" refers to Defendants' statement of undisputed facts [80], with Plaintiff's responses [107]. "PSOF" refers to Plaintiff's statement of additional facts [107], with Defendants' responses [113].

2

Plaintiff oral and topical antibiotics, creams, face washes and/or shampoos. *E.g.*, DSOF ¶¶ 20 (oral and topical antibiotics, and a face wash on 5/21/09), 26 (oral antibiotic and shampoo on 7/22/10), 36 (oral antibiotic and shampoo on 8/21/12), 54 (topical antibiotic and cream on 6/27/14). Among the other highlights of Plaintiff's medical treatment are:

- ***Steroid injections.*** Plaintiff received steroid injections to treat his keloids at least three times. DSOF ¶¶ 38 (12/3/12), 39 (3/18/13), 63 (5/20/15). Plaintiff could have received additional steroid injections had he not declined further injections on June 19, 2013. DSOF ¶ 40.

- ***Exploratory review.*** On January 31, 2014, Dr. Ann Davis (a Stateville staff physician) explored Plaintiff's facial wound by making an incision into his facial scarring and examining the wound. DSOF ¶¶ 44, 46.

- ***Collegial review.*** Three times, Dr. Obaisi presented Plaintiff's case for collegial review—a conference between the Stateville Medical Director and the Utilization Management physician to chart an appropriate course of treatment for an inmate. DSOF ¶¶ 41 (6/24/13 collegial review), 53 (5/13/14 collegial review), 60 (2/9/15 collegial review). At the June 24, 2013 collegial review, the team ruled out surgical removal of keloids as a treatment option because keloids return in over 70 percent of patients. DSOF ¶ 41. At the May 13, 2014 collegial review, the team determined that a dermatologist could not provide Plaintiff with a different course of medical treatment. DSOF ¶ 53. And, at the February 9, 2015 collegial review, the team approved referring Plaintiff to a plastic surgeon at the University of Illinois at Chicago Medical Center based upon Plaintiff's cosmetic concerns with his skin conditions. DSOF ¶ 60.

- ***Outside treatment.*** Based on the plastic surgeon referral, on May 20, 2015, Dr. Mimis Cohen treated Plaintiff. DSOF ¶¶ 60, 62-63. Dr. Cohen performed a physical exam, injected a steroid into Plaintiff's keloids and prescribed an oral antibiotic. DSOF ¶ 63. Dr. Cohen neither performed nor recommended surgical removal of Plaintiff's keloids. *See* DSOF ¶ 63.

### III. Analysis

Despite receiving extensive medical care, Plaintiff alleges that Dr. Obaisi and Williams were deliberately indifferent in their medical care of his skin conditions.

3

To prove this claim, Plaintiff must show: (1) that he had an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent to treating Plaintiff; and (3) that this indifference caused Plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Under the second prong, which is all this Court needs to consider to resolve the instant motion, Defendants must have had subjective knowledge of the risk to Plaintiff's health, and they also must have disregarded that risk. *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006). Evidence that the official acted negligently is insufficient to prove deliberate indifference. *Hicks v. Churchich*, 161 F.3d 1030, 1040 (7th Cir. 1998). Rather, "deliberate indifference" is a synonym for "intentional or reckless conduct," and "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Plaintiff, in general terms, criticizes Defendants' medical care in two ways, but neither satisfies the demanding deliberate indifference standard, which requires more than a showing of negligence or even gross negligence. *Johnson v. Doughty*, 433 F.3d 1001, 1018 & n.6 (7th Cir. 2006). Without any medical support, Plaintiff first argues that Defendants should have recommended surgical removal of his keloids. Against Plaintiff's assertion, all the medical evidence in the record concludes that surgery was inappropriate for treating keloids. Dr. Obaisi testified that the standard treatment for acne and keloids, which Plaintiff received, *see* DSOF ¶¶ 18-29, 31-33, 35-57, 59-63, was oral and topical antibiotics, and steroid

4

injections. DSOF ¶¶ 10, 12. Dr. Obaisi continued that surgical removal of keloids is rare because surgery usually stimulates further and denser scar tissue to form, and also may damage facial nerves. DSOF ¶¶ 13, 66. The June 24, 2013 collegial review reached the same conclusion: surgery was inappropriate because keloids return in over 70 percent of patients. DSOF ¶ 41. Not even the outside plastic surgeon (Dr. Cohen) recommended surgery; she instead provided the same treatment that Plaintiff was receiving at Stateville Correctional Center: an oral antibiotic and a steroid injection. DSOF ¶ 63.

In all of these respects, this case tracks *Stallings v. Zhang*, No. 10-6987, 2014 WL 2727071 (N.D. Ill. June 16, 2014), which the Seventh Circuit affirmed on appeal. *Stallings v. Zhang*, 607 Fed. Appx. 591 (7th Cir. 2015). The district court in *Stallings* granted summary judgment in favor of Williams and other Stateville medical professionals, finding that their conservative treatment of the inmate's keloids, which likewise included prescribing oral and topical antibiotics and creams, and administering steroid injections, satisfied the Eighth Amendment. *Stallings*, 2014 WL 2727071, at *1-3, 6-7. Although also arguing that Stateville medical professionals should have recommended surgery to remove his keloids, the inmate in *Stallings*, as here, marshalled no medical evidence supporting that course of treatment. *Id.* at *6. Instead, and like Dr. Obaisi here, the inmate's treating physicians in *Stallings* testified that surgery was inappropriate because it may cause scar tissue and growth of the keloid. *Id.* at *4, 6. Absent any medical evidence that the Stateville medical professionals deviated from accepted

5

professional standards, the Court found no triable issue of material fact that they were deliberately indifferent. *Id.* at *6-7. The same is true in this case.

Second, Plaintiff infers *ex post facto* that his medical treatment must have been deficient because his skin problems never subsided. But Defendants are "free from liability if [they] responded reasonably to the risk, even if the harm ultimately was not averted." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (internal quotations omitted). That is the case here, as the record contains no medical evidence that Defendants fell below the applicable standard of care. Nor is there evidence to show that Plaintiff's skin conditions are ones that can be cured (and not just managed). The Seventh Circuit, in fact, has cited the American Osteopathic College of Dermatology's webpage on keloids, which states that there is "no completely satisfactory treatment for keloids." *Stallings*, 607 Fed. Appx. at 592 (citing American Osteopathic College of Dermatology, "Keloids and Hypertrophic Scars," *available at* http://www.aocd.org/?page=KeloidsAndHypertroph). Dr. Obaisi reached the same medical conclusion. DSOF ¶ 12. Thus, Plaintiff's inference alone cannot save him at summary judgment.

With nothing more than a disagreement over the proper course of treatment, there is no triable issue of material fact that Defendants acted with deliberate indifference, and summary judgment in favor of Defendants is warranted in this case. In reaching this decision, this Court need not (and does not) consider Defendants' alternative arguments for summary judgment. *Cf. Stallings*, 2014 WL

2727071, at *7 (also declining to consider the Stateville medical professionals' failure to exhaust argument).

**IV.     Conclusion**

Defendants' summary judgment motion [78] is granted. The Clerk is directed to enter Rule 58 judgment in favor of Defendants Dr. Obaisi and Williams, and against Plaintiff. Civil case terminated.

Dated: April 6, 2016

Entered:

*[signature]*

John Robert Blakey
United States District Judge